UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA J. BARTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17 CV 1321 ACL |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of Defendant's final decision denying Plaintiff's application for benefits under the Social Security Act. Currently pending is Defendant's Motion to Reverse and Remand. (Doc. 15.) Plaintiff has filed a Response. (Doc. 16.)

In her motion, Defendant requests that the Court reverse the decision of the administrative law judge ("ALJ"), and remand this action to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Defendant states that, after careful review of the above-captioned case, agency counsel determined that remand was necessary for further evaluation of Plaintiff's claim. Defendant indicates that, upon receipt of the Court's remand order, the Appeals Council will remand this case to the ALJ who will be directed to obtain additional vocational expert testimony and resolve any apparent conflicts between the vocational expert's testimony and the *Dictionary of Occupational Titles*, consistent with Social Security Ruling 00-4p.

In Plaintiff's Response, she states that she described two errors made by the ALJ in her Brief, and that Defendant's Motion to Remand addresses only the first error. **The second issue raised in Plaintiff's Brief is that the hypothetical question presented to the vocational expert was**

less restrictive than the residual functional capacity ("RFC") finding.  (Doc. No. 12 at 8-10). Plaintiff therefore requests that the Court 0rder a more expansive remand, explicitly requiring the ALJ to obtain additional vocational expert testimony, identify and resolve any conflicts between the vocational expert opinion and the DOT, and consider vocational expert opinion that was given in response to questions describing all aspects of the RFC finding.

Finally, Plaintiff states that she has filed a new claim for disability benefits, and that she has requested a hearing on that claim.  Plaintiff argues that, if Defendant is to consolidate the claims, she is entitled to a full hearing on the facts and issues presented in the new claim.

Plaintiff therefore requests that the Court include the following language in the remand order:

> Upon receipt of this Court's remand order, the Appeals Council will remand this case to an ALJ who will be directed to obtain additional vocational expert testimony, while (1) identifying and resolving conflicts between vocational expert opinion and the DOT, and (2) considering vocational expert opinion that was given in response to questions describing all aspects of the RFC finding.  If Defendant chooses to consolidate this remanded matter with a new matter addressing a new period of alleged disability, Defendant will provide Plaintiff with an opportunity for a full hearing (not limited to vocational testimony) and resolve the consolidated claim by consideration of the entire five-step sequential evaluation.

Sentence four of 42 U.S.C. § 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  In order for the Court to properly remand a case to the Commissioner pursuant to sentence four, the Court must enter an order either affirming, modifying, or reversing the Commissioner's decision.  *See Brown v. Barnhart*, 282 F.3d 580, 581 (8th Cir. 2002).

The undersigned believes that it is appropriate to reverse and remand this case in order to permit the Commissioner to take further action as requested in her motion.  The Court further finds that the remand should be more expansive as requested by Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reverse and Remand (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner be **reversed** and this cause be **remanded** to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) for those reasons set forth in this Memorandum and Order.

Upon receipt of this remand order, the Appeals Council will remand this case to an ALJ who will be directed to obtain additional vocational expert testimony, while (1) identifying and resolving conflicts between vocational expert opinion and the DOT, and (2) considering vocational expert opinion that was given in response to questions describing all aspects of the RFC finding. If Defendant chooses to consolidate this remanded matter with a new matter addressing a new period of alleged disability, Defendant will provide Plaintiff with an opportunity for a full hearing (not limited to vocational testimony) and resolve the consolidated claim by consideration of the entire five-step sequential evaluation.

A separate written Judgment will be entered in favor of the Plaintiff and against the Defendant.

*abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of October, 2017.